USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07·23·08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRANSASIA POOL PTE LTD.,

                  Plaintiff,

-against-

NAMJEON INTERNATIONAL CO. LTD and NJ SHIPPING CO. LTD,

                  Defendants.

08 Civ. 6435 (RJH)

**EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

---

WHEREAS on July 18, 2008, plaintiff Transasia Pool Pte Ltd. filed a Verified Complaint herein for damages amounting to $1,393,804.28 inclusive of interests, costs, and attorneys' and arbitrators' fees, and praying for the issuance of an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

WHEREAS the attorney for plaintiff has submitted to the Court a Supporting Affidavit describing the efforts made by and on behalf of plaintiff to find and serve defendant within the district; and

WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions set forth in Supplemental Admiralty Rule B appear to exist as to **defendant Namjeon International Co. Ltd only**;[1] and

WHEREAS the Process of Maritime Attachment and Garnishment would command the United States Marshal or other designated process server to attach any and all of the defendant's property within the Southern District of New York; it is hereby

ORDERED that **upon the filing of the Supporting Affidavit**, that Process of Maritime Attachment and Garnishment shall issue against all tangible and intangible property up to the amount of $1,393,804.28 belonging to, claimed by, or being held for the **defendant Namjeon International Co. Ltd** by any garnishees within this District, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process

---

[1] As to defendant NJ Shipping Co. Ltd., the Court finds that the only non-conclusory allegation to support its claim that NJ Shipping may be held liable as an alter ego of Namjean International is that the Charter Party calls for payments to be made NJ Shipping. (Compl. ¶¶ 6, 17–22); *see Brave Bulk Transp. v. Spot on Shipping Ltd.*, No. 07 Civ. 4546 (CM) 2007 U.S. Dist. LEXIS 81137, at *16 (S.D.N.Y. Oct. 30, 2007). However, "the sole allegation that an entity is a 'paying agent, or arranges for other non-parties to satisfy the debts and obligations of' another entity, does not suffice to allege a prima facie claim of alter ego liability. *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979 (KMW) 2006 U.S. Dist. LEXIS 95870, at *42 (S.D.N.Y. 2006).

2

of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within this District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of defendant's property is attached, plaintiff shall give prompt notice to defendant of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means.

SO ORDERED.

Dated: New York, New York
       July 21, 2008

Richard J. Holwell
United States District Judge