**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



AUG 19 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TRANSASIA POOL PTE LTD.

                Plaintiff,

        - against -

NAMJEON INTERNATIONAL CO. LTD AND
NJ SHIPPING CO. LTD.

              Defendants.

----------------------------------------------------------X

ECF CASE

08 Civ. 6435 (RJH)

**AMENDED VERIFIED COMPLAINT**

Plaintiff, TRANSASIA POOL PTE LTD. (hereinafter referred to as "Plaintiff"), by its

attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as

follows:

### JURISDICTION AND VENUE

1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's

admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.*

and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.　　At all material times, Plaintiff, Transasia Pool Pte. Ltd. was and now is a foreign

corporation organized and existing under and by virtue of the laws of the Republic of

Singapore, and was the Charterer of the M.V. EASTERN SUN (the "Vessel"), a motor vessel of

about 22,201 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.　　Upon information and belief, at all material times, Namjeon International Co.

Ltd. ("Defendant" or "Namjeon"), was and now is a foreign corporation organized and existing

under and by virtue of the laws of the Republic of Korea, and was the disponent Owner of the

Vessel.

4.　　Upon information and belief, at all material times, NJ Shipping Co. Ltd.  ("NJ

Shipping"), was and now is a foreign corporation organized and existing under and by virtue of

the laws of a foreign country and was, and still is, at all material times the alter-ego, alias and/or

paying agent or beneficiary of Namjeon.

## FACTS GIVING RIGHTS TO CLAIM

5.　　On or about February 25, 2008, a time charter party (the "Charter") was made

between Plaintiff, as Charterer of the Vessel, and Defendant as disponent Owner whereby

Plaintiff chartered the Vessel for the carriage of bulk cargo for a period up to minimum June 8,

2008 up to maximum July 8, 2008 in Charterer's option. The Vessel was delivered to Plaintiff at

0001 hours local time on February 27, 2008 at dropping last outward sea pilot Singapore. A

copy of the Charter dated February 25, 2008 is annexed as Exhibit 1 to the Verified Complaint.

6.      The Charter provided that Plaintiff shall pay for the use and hire of the Vessel at the rate of $26,250 per day pro rata payable every 15 days in advance. The Charter provided that hire was to be paid to NJ Shipping's bank account in Seoul, Korea as "beneficiary." The Charter also provided that "On Delivery all cargo holds to be completely clean/swept/washed down by fresh water and dried up and fully ready to receive any permissible cargo allowed under this charter in all respects free of salt, rust scale and previous cargo residue and should pass shipper or competent authorities inspection. <u>Otherwise vessel to be put off-hire from the time of failing until the time of passing re-inspection and any time lost/expenses incurred thereby to be for Owners account.</u>"

7.      The Vessel arrived at Tarjun, Indonesia at 0430 hours on March 1, 2008. On arrival, an independent surveyor boarded the Vessel for inspection. After inspecting the Vessel's holds the surveyor found that the Vessel was not suitable to load grain and/or alumina cargoes and any permissible cargo due to the existence of loose rust, loose scale and loose paint/peeling in all the holds. In addition, rust stain could be seen in bulkheads, hoppers and tank-top. Accordingly, the surveyor failed the Vessel's hold cleanliness inspection, but concluded that the holds were suitable for the current cargo of cement clinker.

8.      On the basis of the survey report and pursuant to the terms of the Charter, Plaintiff placed the Vessel off hire effective March 1, 2008 at 1330 hours until such time the holds' condition had been upgraded and the Vessel had passed the hold cleanliness re-inspection. However, Defendant denied that the Vessel was off hire claiming that the holds were suitable to load the cement clinker, but ignoring the fact that Defendant had breached the Charter by delivering the Vessel with holds that were NOT "free of salt, rust scale and previous cargo residue" and ready to receive any "permissible cargo" allowed under the Charter.

3

9.      On March 6, 2008 Plaintiff advised the Defendant that either it should get the holds upgraded to meet the Charter requirements or accept full responsibility for all losses and damages that would arise should the Vessel's holds fail inspection during the period of the Charter. Plaintiff also advised Defendant that if it accepted the latter condition, Plaintiff would put the Vessel back on hire.  However, Defendant ignored Plaintiff's request and instead claimed that the Vessel was ready to load clinker and refused to carry out any hold cleaning. A second attempt by Plaintiff by an independent surveyor to inspect the Vessel was turned down by the master on March 10, 2008 and the master refused to open hatches.

10.     Subsequent discussion between the parties failed to resolve the dispute. On March 13, 2008 following Defendant's threat to withdraw the Vessel from the service of the Plaintiff, Plaintiff agreed to load the cargo of clinker without prejudice to its rights and remedies under the Charter.  On March 17, 2008 Plaintiff paid the second hire installment to Defendant from which it deducted off hire for time lost due to the failed hold inspection at Tarjun.  On receipt of the Charter hire, Defendant threatened to withdraw the Vessel from Plaintiff's service unless Plaintiff remitted the off hire deduction in the amount of $433,022.86 to Defendant by April 4, 2008.  On April 2 Defendant also instructed the master not to berth the Vessel at Yangon to load Plaintiff's cargo. In the circumstances, Plaintiff paid Defendant under protest the off hire deduction for the failed hold inspection at Tarjun so that Defendant would instruct the master to berth the Vessel at Yangon. Plaintiff now seeks reimbursement of the hire it paid Defendant under duress on April 4 as under the terms of the Charter Plaintiff is clearly exempt from paying hire for the period of the failed hold inspection.

11.     On or about March 27, 2008 Plaintiff entered into a back-to-back charter with Allied Maritime ("Allied") to carry a cargo of rice from Yangon to Dakar, West Africa. On or

4

about June 5, 2008, Defendant requested Plaintiff to redeliver the Vessel at Singapore-Japan range latest by July 8, 2008. On or about June 12, 2008 Plaintiff requested Defendant for an extension of time for redelivery as it was not possible to effect redelivery by July 8 given that the voyage from West Africa to Singapore would take about 29 days and the Vessel would only complete discharge and be free of her rice cargo on or about June 15. However, Defendant refused to extend the time for redelivery of the Vessel and on or about June 18, 2008 Defendant wrongfully terminated the Charter.

12.    As a reason of Defendant's early termination of the Charter, Plaintiff seeks reimbursement of the hire it paid to the Defendant in advance which was not earned as well as the value of the bunkers on board at the time of the forced early redelivery of the Vessel. A copy of Plaintiff's Provisional Hire Statement dated June 25, 2008 is annexed as Exhibit 2 to the Verified Complaint.

13.    By reasons of the premises, Plaintiff has sustained damages in the amount of $985,849.78 no part of which has been paid by the Defendant.

14.    The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in Hong Kong with English law. In addition to the above, Plaintiff is also entitled, in Hong Kong, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $250,000. (*See Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

15.    Arbitration of these disputes in Hong Kong arbitration may take 2 years. Plaintiff is entitled to and would receive interest at the present rate of 7.5% compounded

monthly on the principal claim from June 18, 2008 to the completion of the arbitration or about $157,954.50.

16. Plaintiff's total claim against Defendants for which it seeks security herein is $1,393,804.28 ($985,849.78 + $250,000 + $157,954.50).

17. Upon information and belief, NJ Shipping is the alter-ego of Namjeon because it dominates and disregards Namjeon's corporate form to the extent that NJ Shipping is carrying on Namjeon's business and operations as if the same were its own.

18. Defendants Namjeon and NJ Shipping share a common address of: #70-1, Buk Chang-Dong, Chung-Gu, Seoul, Korea. See copies of certified English Translations of the Certificates of Registry for Namjeon and NJ Shipping annexed hereto as Exhibit 1.

19. Defendants Namjeon and NJ Shipping share a common telephone number of: 082-2-754-2565.

20. Mr. D.S. Namgung, "Representative Director" of NJ Shipping was the person who conducted all the communications with Plaintiff on behalf of Namjeon with respect to the charter of the Vessel. Copies of three e-mails sent by Mr. Namgung to Plaintiff where the reply back e-mail address is shown as namjeon@namjeon.net although the e-mail is signed by NJ Shipping Co. Ltd., as owners are annexed hereto as Exhibit 2.

21. Upon information and belief, Namjeon uses NJ Shipping as "paying beneficiary" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

22. It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.

23. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length".

6

24.     Upon information and belief, Namjeon has no separate identity from NJ Shipping.

25.     In the further alternative, Namjeon and NJ Shipping are partners and/or joint ventures and are resident at one and the same address in Seoul.

26.     All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

27.     Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed . with arbitration of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the Hong Kong arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1.     That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants, Namjeon International Pte. Ltd. and NJ Shipping Co. Ltd. that they be personally cited to appear and answer the matters set forth above;

2.     That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,393,804.28, the sum sued for in this Complaint;

3.    That the action thereafter be stayed pending the arbitration award and that a

judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery

by Plaintiff, together with interest, costs and disbursements of this action; and

4.    That this Court grants to Plaintiff such other and further relief as may be just and

proper in the circumstances.

Dated: New York, New York
       August 19, 2008

                              **LAW OFFICES OF RAHUL WANCHOO**
                              Attorneys for Plaintiff
                              Transasia Pool Pte Ltd.


                        By:  ___Rahul Wanchoo_____
                              Rahul Wanchoo (RW-8725)

## VERIFICATION

STATE OF NEW JERSEY)

                      ss.

COUNTY OF BERGEN   )

      I,  Rahul Wanchoo, being duly sworn, deposes and says:

      I am an attorney at law and a member of the firm of Law Offices of Rahul

Wanchoo, attorneys for Plaintiff.

      I have read the foregoing Amended Verified Complaint and know the contents

thereof and the same are true to the best of my knowledge, information and belief.

      The reason that this verification is made by me and not by Plaintiff is that Plaintiff

is a foreign corporation and is not within this District.


                                    _Rahul Wanchoo_

Sworn to and subscribed to
before me this 19th August, 2008


_____
             Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

Ex. 1

[Translation from Korean]

| Registry Number | 34224 | **CERTIFICATE OF REGISTERED ITEMS** |
|---|---|---|
| Registration Number | 110111-0292956 | **(CANCELLED ITEMS INCLUDED)** |

| | | | |
|---|---|---|---|
| Company Name | Namjeon International, Ltd. | Changed / / | |
| | | Registered / / | |
| Main Office | #70-1 Buk-chang-dong, Chung-gu, Seoul | Changed 04/03/ 1992 | |
| | | Registered / / | |
| Method of Public Announcement | A public announcement is to be printed in the Korea Economic Daily published in the city of Seoul. | Changed / / | |
| | | Registered / / | |
| Amount per Share | 5,000 won | Changed / / | |
| | | Registered / / | |
| Total Number of Stocks Issued | 24,000 shares | Changed / / | |
| | | Registered / / | |

| Total Number of Shares Issued, Types of Stock and Numbers of Each Type | Total Capital | Date of Change |
|---|---|---|
| | | Date of Registration |
| Total Number of Stocks Issued: 20,000 shares | | Changed 07/19/1994 |
| Common Stocks: 20,000 shares | 100,000,000 won | Registered / / |

| Purpose | |
|---|---|
| 1. Chartering<br>2. Wholesale of general merchandise<br>~~3. Other businesses incidental to each item above~~<br>3. Import-export trade<br>4. Other businesses incidental to each item above | <Added 9/14/2004, registered 9/15/2004><br><Changed 9/14/2004, registered 9/15/2004> |

| Company Officers | |
|---|---|
| ~~Representative Director Hyeong-sik Shin, 219-1204 Munjeong Family Apartments, Songpa-gu, Seoul~~ | |
| Appointed April 03, 1992. | Registered _____, ____. |
| Reappointed April 03, 1995. | Registered April 7, 1995. |
| Reappointed April 03, 1998. | Registered April 7, 1998. |
| ~~Representative Director Hyeong-sik Shin, 450609-1******, 219-1204 Munjeong Family Apartments, Songpa-gu, Seoul~~ | |
| Reappointed April 03, 2001. | Registered April 7, 2001. |
| Representative Director Hyeong-sik Shin, 450609-1******, 101-203 Lotte Castle Spa Apartments, 1647-1 Seocho-dong Seocho-gu, Seoul | |

| | |
|---|---|
| Address changed June 25, 2003. | Registered June 26, 2003. |
| Reappointed April 03, 2004. | Registered April 7, 2004. |
| Reappointed April 03, 2007. | Registered April 12, 2004.7 |
| Director Hyeong-sik Shin, 450609-1****** | |
| Appointed April 03, 1992. | Registered _____, ____. |
| Reappointed April 03, 1995. | Registered April 7, 1995. |
| Reappointed April 03, 1998. | Registered April 7, 1998. |
| Reappointed April 03, 2001. | Registered April 7, 2001. |
| Reappointed April 03, 2004. | Registered April 7, 2004. |
| Reappointed April 03, 2007. | Registered April 12, 2007. |
| ~~Director Hong-seo Pak, 440322-1******~~ | |
| Appointed April 03, 1992. | Registered _____, ____. |

*Crossed-out sections indicate canceled (changed, corrected) registration items. *This Certificate of Registered Items may be printed in color.

| | |
|---|---|
| Reappointed April 03, 1995. | Registered April 7, 1995. |
| Reappointed April 03, 1998. | Registered April 7, 1998. |
| Reappointed April 03, 2001. | Registered April 7, 2001. |
| Reappointed April 03, 2004. | Registered April 6, 2004. |
| Reappointed September 14, 2004. | Registered September 15, 2004. |
| Auditor Jeong-hui Pak, 491207-2****** | |
| Appointed March 28, 1994. | Registered _____, ____. |
| Reappointed March 25, 1996. | Registered March 26, 1996. |
| Reappointed March 12, 1998. | Registered March 13, 1998. |
| Reappointed March 9, 2001. | Registered March 9, 2001. |
| Reappointed March 2, 2004. | Reappointed March 2, 2004. |
| Reappointed March 2, 2007. | Registered March 5, 2007. |
| Director Tae-ho Jeong 441128-1****** | |
| Appointed April 03, 1992. | Registered _____, ____. |
| Reappointed April 03, 1995. | Registered April 7, 1995. |
| Reappointed April 03, 1998. | Registered April 7, 1998. |
| Reappointed April 03, 2001. | Registered April 7, 2001. |
| Reappointed April 03, 2004. | Registered April 6, 2004. |
| Reappointed March 3, 2007. | Registered April 12, 2004. |

| ...of Existence or Grounds for Dissolution |
| --- |
| ...xistence or Grounds for Dissolution: 30 years from the incorporation registration date. |

| Date of Incorporation | April 3, 1981 |
| --- | --- |

| Grounds for Opening of Registry and Date |
| --- |
| Transferred from previous registry form pursuant to Addenda Article 2 (1) of Regulations on Commercial Registration.<br><br>Registered January 3, 1995. |

Received fee of 500 won.                    --Space below intentionally left blank. --

Competent Registry: Commercial Registry, Seoul Central District Court

Issuing Registry: Central Office of Registration Information Management, Ministry of National Court Administration

-----------------------------------------------------------------------------------------------------------------------

*This Certificate of Registered Items is for review purposes only.  The record you have printed has no legally binding force.

*Crossed-out sections indicate canceled (changed, corrected) registration items. *This Certificate of Registered Items may be printed in color.

Date and Time Accessed: 17:33:35 July 29, 2008.

3

[Translation from Korean]

<table>
<tr><td>375166</td><td rowspan="2">CERTIFICATE OF REGISTERED ITEMS<br>(CANCELLED ITEMS INCLUDED)</td></tr>
<tr><td>110111-3751660</td></tr>
</table>

| | | |
|---|---|---|
| Company Name | NJ Shipping, Ltd. | // |
| | | // |
| Main Office | #602 Bumhwa Building, 70-1 Buk-chang-dong, Chung-gu, Seoul-teukbyeolsi | // |
| | Bumhwa Building, 4th Fl., 70-1 Buk-chang-dong, Chung-gu, Seoul-teukbyeolsi | Changed 07/05/2008 |
| | | Registered 07/07/2008 |
| Method of Public Announcement | A public announcement is to be printed in the Korea Economic Daily published in the city of Seoul. | // |
| | | // |
| Amount per Share | 5,000 won | // |
| | | // |
| Total Number of Stocks Issued | 24,000 shares | // |
| | | // |

| Total Number of Shares Issued, Types of Stock and Numbers of Each Type | Total Capital | Date of Change |
|---|---|---|
| | | Date of Registration |
| Total Number of Stocks Issued: 6,000 shares | | // |
| Common Stocks: 6,000 shares | 30,000,000 won | // |

| Purpose |
|---|
| 1. Shipping Services<br>1. Shipping Agency<br>1. Transportion<br>1. Other businesses incidental to each item above |

| Company Officers |
|---|
| Director Deuk-su Namgung, 720316-1****** |
| Director Jeong-ho Shin, 750126-1****** |
| Auditor Seung-tae Oh 720114-1****** |
| Representative Director Deuk-su Namgung, 720316-1******, #499-55 Shillim-dong, Gwanak-gun, Seoul-teukbyeolsi |

| | |
|---|---|
| Date of Incorporation | September 10, 2007 |

Opening of Registry and Date

...porated pursuant to Article 8-2 of Act on Special Measures for Support of Small Enterprises and Small ...ommercial and Industrial Businessmen.

Registered  September 10, 2007.

Received fee of 500 won.                    --Space below intentionally left blank. --

Competent Registry: Commercial Registry, Seoul Central District Court
Issuing Registry: Central Office of Registration Information Management, Ministry of National Court Administration

*Crossed-out sections indicate canceled (changed, corrected) registration items.  *This Certificate of Registered Items may be printed in color.

| Registry Number | 375166 | |
|---|---|---|

# FOR REVIEW

*This Certificate of Registered Items is for review purposes only . The record you have printed has no legally binding force.
*Crossed-out sections indicate canceled (changed, corrected) registration items. *This Certificate of Registered Items may be printed in color.
Date and Time Accessed:  18:08:58 July 29, 2008

Fax (212) 269-4662

**AFFIDAVIT OF ACCURACY**

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

I, the undersigned, being duly sworn, depose and state:

I am qualified to translate from the Korean language into the English language by virtue of being thoroughly conversant with these languages and, furthermore, having translated professionally from Korean into English for more than 10 years;

I have carefully made the translation appearing on the attached and read it after it was completed; and said translation is an accurate, true and complete rendition into English from the original Korean-language text, and nothing has been added thereto or omitted therefrom, to the best of my knowledge and belief.

TRANSLATION ACES, INC.
BERTRAND LANGUAGES INC.

Subscribed and sworn to before me

this   6   day of AUGUST  , 2008

KARYN L. TASENS
Notary Public, State of New York
No. 31-4680695
Qualified in New York County
Commission Expires Oct. 31, 2010

# 등기사항전부증명서(말소사항포함)

| 등기번호 | 034224 |
|---|---|
| 등록번호 | 110111-0292956 |

| 상 호 | 株式會社 南田國際商社 | | . .   변경 |
|---|---|---|---|
| | | | . .   등기 |
| 본 점 | 서울 중구 북창동 70-1 | | 1992.04.03 변경 |
| | | | . .   등기 |

| 공고방법 | 서울시내에서 발행하는 일간 한국경제신문에 게재한다. | | . .   변경 |
|---|---|---|---|
| | | | . .   등기 |

| 1주의 금액   금 5,000 원 | | . .   변경 |
|---|---|---|
| | | . .   등기 |

| 발행할 주식의 총수  24,000 주 | | . .   변경 |
|---|---|---|
| | | . .   등기 |

| 발행주식의 총수와<br>그 종류 및 각각의 수 | | 자본의 총액 | 변경연월일 |
|---|---|---|---|
| | | | 등기 연월일 |
| 발행주식의 총수 | 20,000 주 | | 1994.07.19 변경 |
| 보통주식 | 20,000 주 | 금 100,000,000 원 | . .   등기 |

## 목 적

| | | |
|---|---|---|
| 1. 용선 중계업 | | |
| 2. 잡화 도매업 | | |
| 3. 각호에 관련된 부대사업 | | |
| 3. 수출입 무역업 | <2004.09.14 추가 | 2004.09.15 등기> |
| 4. 각호에 관련된 부대사업 | <2004.09.14 변경 | 2004.09.15 등기> |

## 임원에 관한 사항

대표이사 신형식 서울 송파 문정 해밀러(아) 219-1204
　　　1992 년 04 월 03 일 중임　　　　　년　　월　　일 등기
　　　1995 년 04 월 03 일 중임　　1995 년 04 월 07 일 등기
　　　1998 년 04 월 03 일 중임　　1998 년 04 월 07 일 등기
대표이사 신형식 450609-1****** 서울 송파 문정 해밀러(아) 219-1204
　　　2001 년 04 월 03 일 중임　　2001 년 04 월 07 일 등기
대표이사 신형식 450609-1****** 서울 서초구 서초동 1647-1 롯데캐슬스파(아) 101-203
　　　2003 년 06 월 25 일 주소변경　　2003 년 06 월 26 일 등기
　　　2004 년 04 월 03 일 중임　　2004 년 04 월 06 일 등기
　　　2007 년 04 월 03 일 중임　　2007 년 04 월 12 일 등기
이사 신형식 450609-1******
　　　1992 년 04 월 03 일 중임　　　　　년　　월　　일 등기
　　　1995 년 04 월 03 일 중임　　1995 년 04 월 07 일 등기
　　　1998 년 04 월 03 일 중임　　1998 년 04 월 07 일 등기
　　　2001 년 04 월 03 일 중임　　2001 년 04 월 07 일 등기
　　　2004 년 04 월 03 일 중임　　2004 년 04 월 06 일 등기
　　　2007 년 04 월 03 일 중임　　2007 년 04 월 12 일 등기
이사 박흥서 440322-1******
　　　1992 년 04 월 03 일 중임　　　　　년　　월　　일 등기

* 실선으로 그어진 부분은 말소(변경, 경정)된 등기사항입니다. * 등기사항증명서는 컬러로 출력 가능함.
열람일시 : 2008년 07월 29일 오후 17시 33분 35초　　　　　　　　　　　- 1/2 -

| 등기번호 | 034224 |
|---|---|

| | |
|---|---|
| 1995 년 04 월 03 일 중임 | 1995 년 04 월 07 일 등기 |
| 1998 년 04 월 03 일 중임 | 1998 년 04 월 07 일 등기 |
| 2001 년 04 월 03 일 중임 | 2001 년 04 월 07 일 등기 |
| 2004 년 04 월 03 일 중임 | 2004 년 04 월 06 일 등기 |
| 2004 년 09 월 14 일 사임 | 2004 년 09 월 15 일 등기 |

감사 박정희 491207-2*****

| | |
|---|---|
| 1994 년 03 월 28 일 중임 | 년 월 일 등기 |
| 1996 년 03 월 25 일 중임 | 1996 년 03 월 26 일 등기 |
| 1998 년 03 월 12 일 중임 | 1998 년 03 월 13 일 등기 |
| 2001 년 03 월 09 일 중임 | 2001 년 03 월 09 일 등기 |
| 2004 년 03 월 02 일 중임 | 2004 년 03 월 02 일 등기 |
| 2007 년 03 월 02 일 중임 | 2007 년 03 월 05 일 등기 |

이사 정태호 441128-1*****

| | |
|---|---|
| 1992 년 04 월 03 일 취임 | 년 월 일 등기 |
| 1995 년 04 월 03 일 중임 | 1995 년 04 월 07 일 등기 |
| 1998 년 04 월 03 일 중임 | 1998 년 04 월 07 일 등기 |
| 2001 년 04 월 03 일 중임 | 2001 년 04 월 07 일 등기 |
| 2004 년 04 월 03 일 중임 | 2004 년 04 월 06 일 등기 |
| 2007 년 04 월 03 일 중임 | 2007 년 04 월 12 일 등기 |

### 기 타 사 항

1. 존립기간 또는 해산사유
  1.존립기간또는 해산사유: 설립등기일로부터 만30
개년

| 회사성립연월일 | 1981 년 04 월 03 일 |
|---|---|

| 등기기록의 개설 사유 및 연월일 | |
|---|---|
| 상업등기처리규칙 부칙 제2조 제1항의 규정에 의하여 구등기용지로 부터이기 | |
| | 1995 년 01 월 03 일 등기 |

수수료 500원 영수함          --- 이 하 여 백 ---

관할등기소 : 서울중앙지방법원 상업등기소 / 발행등기소 : 법원행정처 등기정보중앙관리소

* 본 등기기록은 열람용이므로 출력하신 등기기록은 법적인 효력이 없습니다.

* 실선으로 그어진 부분은 말소(변경, 경정)된 등기사항입니다. * 등기사항증명서는 칼라로 출력 가능함.

열람일시 : 2008년 07월 29일 오후 17시 33분 35초

# 등기사항전부증명서(말소사항포함)

| 등기번호 | 375166 |
|---|---|
| 등록번호 | 110111-3751660 |

| 상 호 | 앤제이쉬핑 주식회사 | |
|---|---|---|
| 본 점 | 서울특별시 중구 북창동 70-1 범화빌딩 602호 | |
| | 서울특별시 중구 북창동 70-1 범화빌딩 4층 | 2008.07.05 변경<br>2008.07.07 등기 |

| 공고방법    서울특별시내에서 발행하는 일간 한국경제신문에 게재한다. | |
|---|---|

| 1주의 금액    금 5,000 원 | |
|---|---|

| 발행할 주식의 총수  24,000 주 | |
|---|---|

| 발행주식의 총수와<br>그 종류 및 각각의 수 | 자본의 총액 | 변 경 연 월 일<br>등 기 연 월 일 |
|---|---|---|
| 발행주식의 총수          6,000 주<br>보통주식              6,000 주 | 금 30,000,000 원 | |

| 목          적 |
|---|
| 1. 해운서비스업<br>1. 해운 대리 중개업<br>1. 운송업<br>1. 위 각호의 부대사업일체 |

| 임원에 관한 사항 |
|---|
| 이사 남궁득수 720316-1******<br>이사 신정호 750126-1******<br>감사 오승태 720114-1******<br>대표이사 남궁득수 720316-1****** 서울특별시 관악구 신림동 499-55 |

| 회사성립연월일 | 2007 년 09 월 10 일 |
|---|---|

| 등기기록의 개설 사유 및 연월일<br>   소기업 및 소상공인 지원을 위한 특별조치법 제8조의 2 규정에 의한 설립 | |
|---|---|
| | 2007 년 09 월 10 일  등기 |

수수료 500원 영수함          --- 이 하 여 백 ---

관할등기소 : 서울중앙지방법원 상업등기소 / 발행등기소 : 법원행정처 등기정보중앙관리소

| 등기번호 | 375166 |
|---|---|

* 본 등기기록은 열람용이므로 출력하신 등기기록은 법적인 효력이 없습니다.

* 실선으로 그어진 부분은 말소(변경, 경정)된 등기사항입니다. * 등기사항증명서는 컬러로 출력 가능함.

열람일시 : 2008년 07월 29일 오후 18시 08분 58초

Ex. 2-1

**From:** Stanley Lam Capt
**Sent:** Monday, June 09, 2008 9:44 AM
**To:** Michael Toole-Stott
**Subject:** FW: MV. 'EASTERN SUN' / TRANSASIA POOL CP 25/02/08

---

**From:** DS NAMKUNG [mailto:namjeon@namjeon.net]
**Sent:** Monday, June 09, 2008 9:42 AM
**To:** GRAND PACIFIC LTD
**Cc:** Rory Macfarlane; Harry Hirst; Operations (IMCSC)*; shcha@postenco.co.kr; Namjeon
**Subject:** Re: MV. 'EASTERN SUN' / TRANSASIA POOL CP 25/02/08

**/// WITHOUT PREJUDICE + TOP URGENT ///**

TO      : GRAND PACIFIC LTD.
ATTN  : MR. TS KIM
FROM  : NJ SHIPPING CO., LTD.

RE : MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

DEAR MR. TS KIM.

AS CHARTERERS ARE NOTICED EARLIER FROM OWNERS, CHARTERERS MUST BE REDELIVERED THE
VESSEL TO OWNERS FOR A PERIOD OF MAXIMUM 08TH JULY 2008, ON DROPPING LAST OUTWARD SEA
PILOT ONE SAFE PORT OF SINGAPORE / JAPAN RANGE AS PER CHARTER PARTY CLAUSE 1 AND 10.

BUT AS OF TODAY ON 09TH JUNE, 2008,  IT IS VERY CLEAR CHARTERERS BREACH OF CHARTER
PARTY 1 AND 10 CAUSED BY TOO SLOW LOADING AND DISCHARGING OPERATION IN THEIR 1ST
SHIPMENT.


QTE
----- Original Message -----
From: <457447410@satmailc.com>
Sent: Sunday, June 08, 2008 7:38 PM


>
> TO IMC/TAS SPORE
> FM MV EASTERN SUN  08-06-08
>
> DAILY RPT 0800LT/7TH
> 24 HRS DIS   1334.75 MT
> PREV DIS    7272.30
> TTL DIS     8607.05
> BAL      8506.80
> ROB  FO/585.709 D0/16.964
> ETC/D 13TH JUN, WL UPDATED
>
> RMK:AT PRESENT,SUNDAY NO WORK
>
> BR/MASTER
UNQTE


UNDER THE ABOVE CIRCUMSTANCES, TO MITIGATE ANY LOSS BETWEEN CHARTERERS AND OWNERS,
**OWNERS ARE HEREBY ENTITLED TO ORDER** THAT **CHARTERERS SHOULD REDELIVER THE VESSEL** TO

8/19/2008 7:16 AM

file://G:/Users/Rahul/Documents/Law%20Offices/EASTERN%20S...

OWNERS FOR A PERIOD OF MAXIMUM 08TH JULY 2008 ON DROPPING LAST OUTWARD SEA PILOT ONE SAFE PORT OF SINGAPORE / JAPAN RANGE **BY BALLASTING ON DROPPING LAST OUTWARD SEA PILOT OF DAKAR, WITHOUT ANY UNLAWFUL 2ND SHIPMENT.**

IN THIS RESPECT, OWNERS WOULD HEREBY EXPRESSLY RESERVE THE RIGHT TO CLAIM OUR ANY LOSSES AND/OR DAMAGES CAUSED BY CHARTERERS BREACH OF CHARTER PARTY CLAUSE 1 AND 10 ACCORDINGLY.

BRGDS / DS NAMKUNG OF NJ SHIPPING CO LTD AS OWNERS

$Ex. 2-2$

**From:** Stanley Lam Capt
**Sent:** Wednesday, June 11, 2008 10:06 AM
**To:** Michael Toole-Stott
**Subject:** FW: RE : MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

---

**From:** DS NAMKUNG [mailto:namjeon@namjeon.net]
**Sent:** Wednesday, June 11, 2008 9:48 AM
**To:** GRAND PACIFIC LTD
**Cc:** Operations (IMCSC)*; Namjeon
**Subject:** RE : MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

**<u>WITHOUT PREJUDICE + TOP URGENT</u>**

TO      : GRAND PACIFIC LTD.
ATTN   : MR. TS KIM + MS. SUSAN
FROM  : NJ SHIPPING CO., LTD.

RE : MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

DEAR MR. TS KIM + MS. SUSAN.

IN VIEWING OF SHIP'S ETCD 14TH JUNE IAGW WP, WE AS OWNERS ARE LOOKING FORWARD TO
RECEIVING CHARTERERS LAWFUL SAILING INSTRUCTION AND REDELIVERY NOTICE TO MASTER
AND US AS PER CHARTER PARTY CLAUSE 1 AND 10 IN DUE COURSE.

QTE
----- Original Message -----
From: <457447410@satmailc.com>
Sent: Tuesday, June 10, 2008 7:13 PM

>
> TO IMC SPORE
> ATT CAPT LAM
> TO NOSCO/OCEAN11/NAMJEON
> FM MV EASTERN SUN  10-06-08
>
> FM 0800LT/8TH TO 0800LT/9TH:SUN DAY NO WORK
>
> DAILY RPT 0800LT/10TH
> 24 HRS DIS   1616.05 MT
> PREV DIS    8607.05
> TTL DIS    10223.10
> BAL       6890.75
> ROB  FO/585.709 D0/13.714
> ETC/D 14TH JUN, WL UPDATED
>
> BR/MASTER
UNQTE


BRGDS / DS NAMKUNG OF NJ SHIPPING CO LTD AS OWNERS

Ex. 2-3

**From:** Stanley Lam Capt
**Sent:** Tuesday, June 17, 2008 1:29 PM
**To:** Michael Toole-Stott
**Subject:** FW: MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

---

**From:** DS NAMKUNG [mailto:namjeon@namjeon.net]
**Sent:** Tuesday, June 17, 2008 1:17 PM
**To:** GRAND PACIFIC LTD
**Cc:** Namjeon; Operations (IMCSC)*
**Subject:** Fw: MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

TO      : GRAND PACIFIC LTD.
ATTN    : MR. TS KIM + MS. SUSAN
FROM    : NJ SHIPPING CO., LTD.

RE : MV. EASTERN SUN / TRANSASIA POOL CP 25/02/08

== without Prejudice to governing c/p ==

Ref to various ows' messages on illegitimate last voyage under above C/P.

it is crystal clear that subj vessel can not be redelivered to ows within T/C period with chrts' performing next voayge, even with vessel's
ballasting without cargo to redelivery range( SPORE/JPN Range) from present position (Dakar).


if charterers have its own special way( unknown to ows) to redeliver the vessel in T/C period, with which charterers can fulfill their absolute
obligation of vessel's redly in time,  please ask them to inform the same with detailed  vessel's itinerary in short time for ows' review and
confirmation.
otherwise, owners will regard chrts last several messages as a kind of trick to make ows follow chrts' illegitimate last voayge.


ows and master of subj vessel have been seeking  detailed next voayge order from chrts for long time, but until now master does not receive
any formal voyage order (except simple instruction to proceed to Durban, SA, which ows and master can not follow in this situation) .
For delay of the vessel and/or any other consequences due to their belated voayge order, charterer should take responsibilities and ows
reserve thier rights to claim chrts.


BRGDS / DS NAMKUNG OF NJ SHIPPING CO LTD AS OWNERS